UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN LOUIS WOODSON,<br><br>                           Petitioner,<br><br>v.<br><br>L. WILLIAMS, Warden,<br><br>                           Respondent. | Case No.: 3:18-cv-02058-H-KSC<br><br>**ORDER REQUIRING RESPONDENT TO RESPOND ON ISSUE OF MOOTNESS** |

Petitioner's present habeas petition pursuant to 28 U.S.C. § 2241 challenges the manner in which his sentence for a parole violation was carried out, calculated, and credited by the U.S. Parole Commission. (Doc. No. 1.) On April 24, 2019, Respondent filed a status update informing the Court that Petitioner was released from Bureau of Prisons custody on February 28, 2019. (Doc. No. 18.) The Court then ordered Petitioner to show cause why the Court should not deny his habeas petition as moot. (Doc. No. 19.) On May 29, 2019, Petitioner, proceeding pro se, filed a motion asking the Court for a one-month extension to allow Petitioner to retrieve documents that he was not permitted to take from the prison on his person at the time of his release. (Doc. No. 21.) Petitioner's motion serves as a response to the Court's order to show cause because it articulates his arguments for why his petition should not be denied as moot. (Id.) Petitioner argues that his petition is not moot because he remains on parole at this time. (Id.)

A habeas petition may not be moot where the petitioner has been released from custody if he suffers "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction[.]" Spencer v. Kemna, 523 U.S. 1, 7 (1998). However, when "a petitioner does not challenge[] the validity of his conviction, but rather only seeks an earlier release date, the petition becomes moot when petitioner is released from custody." Wormuth v. United States, No. C 00-1536 MJJ(PR), 2002 WL 31689358, at *1 (N.D. Cal. Nov. 26, 2002) (citing Fendler v. U.S. Bureau of Prisons, 846 F.2d 550, 555 (9th Cir. 1988); Brady v. United States Parole Comm., 600 F.2d 234, 236 (9th Cir. 1979); Picron–Peron v. Rison, 930 F.2d 773, 775–76 (9th Cir. 1991)).

Accordingly, the Court orders Respondent to file, on or before **June 7, 2019**, a response to Petitioner's arguments on the issue of mootness.

**IT IS SO ORDERED.**

DATED: May 31, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT